| | |
|---|---|
| GARY CHURCH and <br> APPALACHIAN YOUTH MISSIONS, <br> <br> Plaintiffs <br> <br> vs. <br> <br> BILLY RAY BIVENS, individually and <br> in his official capacity as Sheriff of <br> Monroe County, Tennessee and <br> MONROE COUNTY, TENNESSEE, <br> <br> Defendants. | No. 3:11-cv-220 |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Gary Church and Appalachian Youth Missions, by and through counsel, for their complaint against defendants Billy Ray Bivens, individually and in his official capacity as Sheriff of Monroe County, Tennessee and Monroe County, Tennessee, represent the following:

1. Plaintiff Gary Church is a citizen and resident of McMinn County, Tennessee.

2. Plaintiff Appalachian Youth Missions is an unincorporated religious association governed by a Council of Elders. Its principal place of business is located in Monroe County, Tennessee at 1300 Wilson Station Road, Englewood, TN 37329.

3. Defendant Billy Ray Bivens is a citizen and resident of Monroe County, Tennessee. He can be served with process at the Monroe County Sheriff's Department, 319 Hickory Street, Madisonville, Tennessee 37354. Defendant Bivens is sued in his individual capacity and in his official capacity as Sheriff of Monroe County, Tennessee.

4. Monroe County, Tennessee is a political subdivision of the State of Tennessee. It can be served with process through the County Mayor, Tim Yates, 105 College Street, Madisonville, TN 37354.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. All of the material conduct which forms the subject matter of this Complaint took place in Monroe County, Tennessee, and all defendants are believed to be residents of Monroe County, Tennessee; therefore, this Court has personal jurisdiction over the Defendants.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

8. On May 26, 2010 a Writ of Execution was issued by Michael W. Catalano, Clerk of the Tennessee Supreme Court, to recover court costs taxed to George Joseph Raudenbush, III ("Mr. Raudenbush"), in the amount of $469.50. A true and correct copy of the Fieri Facias/Writ of Execution (the "Writ of Execution") is attached here to as Exhibit 1.

9. On June 8, 2010 the Monroe County Sheriff's Department, a department within the government of defendant Monroe County, Tennessee, at the direction of defendant Bivens, seized a 45-foot tool workshop/trailer (the "Trailer"), VIN EF2157482M, containing various tools and other items utilized by the Plaintiffs in their missions projects. The Trailer and contents are believed by the Plaintiffs to have a value of at least $100,000.

10. The Trailer was seized by the Defendants under the purported authority of the Writ of Execution.

11. At the time the Trailer was seized and presently, the Trailer was owned by the Plaintiffs. At the time the Trailer was seized and presently, Mr. Raudenbush had no ownership interest in the Trailer.

12. The Writ of Execution directed the seizure of assets of Mr. Raudenbush to satisfy the court costs which had been taxed against him. The Writ of Execution did not direct the seizure of assets belonging to any other individual or entity, including the Plaintiffs.

13. On June 24, 2010 the Plaintiffs, through Daniel Morgan, acting at the direction of the Plaintiffs, served on defendant Bivens and others various documents regarding the seizure of the Trailer, including affidavits.

14. On October 8, 2010 the Plaintiffs served on Tim Yates, Monroe County Mayor, evidence that the seizure of the Trailer was unlawful.

15. On December 6, 2010, the Plaintiffs wrote again to defendant Bivens demanding return of the Trailer and its contents and enclosing various documents, including a letter from Giant Storage Trailer Rental confirming the purchase was by the Plaintiffs, a copy of the certificate of title to the Trailer, Counsel minutes approving the purchase, a copy of the Writ of Execution, and various affidavits.

16. The seizure of the Trailer and its contents on June 8, 2010 and the continued retention of the Trailer and its contents thereafter, along with the loss of any property within the Trailer while in the possession of the Defendants, was intentional and without any legal authority and constitutes conversion of and trespass to the property of the Plaintiffs by the Defendants.

17. The seizure of the Trailer and its contents by the Defendants and their agents in purported reliance on the Writ of Execution, along with the loss of any property within the Trailer while in the possession of the Defendants, was negligent. The Defendants are liable for their negligence and the negligence of their agents under the Governmental Tort Liability Act, Tenn. Code Ann. 29-20-101, *et seq*.

18. The seizure of the Trailer and its contents, along with the loss of any property within the Trailer while in the possession of the Defendants, violated the Plaintiffs' right to be free from unreasonable seizure protected by the Fourth Amendment to the United States Constitution, applicable to the Defendants pursuant to the 14th Amendment to the United States Constitution.

19. The seizure of the Trailer and its contents, along with the loss of any property within the Trailer while in the possession of the Defendants, amounts to a deprivation of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

20. The aforementioned constitutional violations are actionable against the Defendants pursuant to 42 U.S.C. § 1983.

21. The Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

22. As a direct and proximate result of the negligence, conversion, trespass, and constitutional violations by the Defendants, the Plaintiffs have suffered various injuries, damages, and losses, including but not limited to the loss of the Trailer or the use and enjoyment of the Trailer, the loss of the property within the Trailer or the use and enjoyment of the property within the Trailer, and lost revenues which would have been generated but for the seizure of the Trailer and its contents.

23. The Plaintiffs seek compensatory damages in an amount to be proven at trial for, *inter alia*, the loss of the Trailer and its contents or the loss of use and enjoyment of the same, and diminution in the value of the Trailer or its contents, and the lost revenues which would have been generated but for the seizure of the Trailer and its contents.

24. The Plaintiffs' conduct was intentional, willful, malicious, reckless, and/or so grossly negligent as to warrant the imposition of punitive damages, and the Plaintiffs seek an award of punitive damages in the amount of not less than $100,000.

25. The Plaintiffs demand their attorneys' fees and costs as authorized under 42 U.S.C. § 1988 or other applicable law.

26. The Plaintiffs seek the entry of an injunction requiring the Defendants to return the Trailer and its contents to the Plaintiffs.

27. The Plaintiffs demand a jury of their peers to try this cause.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray the verdict of the jury and the judgment of the Court for compensatory damages in an amount to be proven at trial, punitive damages of not less than $100,000, an injunction requiring the Defendants to return the Trailer and its contents to the Plaintiffs, an award of the Plaintiffs' attorneys' fees and costs, and such other and further relief, general or equitable, as warranted by the Premises and as the interests of justice and equity demand.

RESPECTFULLY SUBMITTED,


/s/Keith L. Edmiston
KEITH L. EDMISTON, BPR 018366
*Attorney for the Plaintiffs*
GRIBBLE CARPENTER & ASSOCIATES
372 S. Washington Street
Maryville, TN 37804
Telephone: (865) 980-7700
Facsimile: (865) 980-7717
kle@gribble.carpenter.com